Filed 3/28/22  P. v. Connolly CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094864 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE008128) |
| v. | |
| RYAN JOSEPH CONNOLLY, | |
| Defendant and Appellant. | |

The People's May 11, 2021, complaint charged defendant Ryan Joseph Connolly with driving a car on the highway in the opposite direction of traffic during flight from a peace officer (count one) and driving with disregard for the safety of people or property while fleeing from a pursuing peace officer (count two).

On July 29, 2021, defendant pled no contest to count one, and in exchange, the trial court dismissed the remaining count and sentenced defendant to two years of formal probation, including the condition that he serve 165 days in county jail with credit for 165

days. The court also imposed a $300 restitution fine, a $40 court operations assessment fee, and a $30 conviction assessment fee.

The factual basis for defendant's plea was that "[o]n May 7th, 2021, in the County of Sacramento, law enforcement conducted or attempted to conduct a traffic stop on the Defendant for driving a vehicle without license plates. They told him that he wasn't free to leave but he fled any ways [*sic*] in his vehicle, leading officers on about a four-mile pursuit. He was going above the posted speed limit, ran through a solid red light, changed lanes unsafely and at one point traveled in the opposite direction of traffic."

Defendant timely appealed and his request for a certificate of probable cause was denied.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief and has filed a one-page, handwritten brief relaying that he held a valid driver's license on May 7, 2021, that he had attempted to see his dependent at a grandparent's home, but was intercepted by people there, and that once his license was returned, he was going to drive to the hospital for treatment.

Defendant does not explain how this information should be applied to his appeal. Nonetheless, we have undertaken an examination of the entire record pursuant to *Wende*, and our review of the record did disclose that the trial court failed to impose a matching, stayed $300 probation revocation restitution fine as required by Penal Code section 1202.44. (See *People v. Hunt* (2013) 213 Cal.App.4th 13, 19-20 [trial court must impose matching probation revocation restitution fine when imposing a sentence for formal felony probation].) This sentence is unauthorized, and we may modify the judgment to correct it on appeal. (See *id.* at p. 20 [modifying judgment to strike parole revocation

2

restitution fine and impose a stayed probation revocation restitution fine].)  Our review of the record further disclosed a criminal impact fee (Pen. Code, § 1465.67) not imposed by the trial court at sentencing that was erroneously included within the sentencing minute order and unsigned order for probation.  We will direct the trial court to correct this error.

## DISPOSITION

The judgment is modified to impose a stayed, $300 probation revocation restitution fine.  The trial court is directed to prepare an amended sentencing minute order striking the criminal impact fee reflected in the current minute order and unsigned order for probation, but which was not imposed by the court at sentencing.  Because a $300 stayed probation revocation restitution fine is already reflected in these documents, no further amendment to them is necessary.  The judgment is affirmed as modified.


/s/
Robie, Acting P. J.



We concur:



/s/
Duarte, J.



/s/
Renner, J.

3